CANCEL, APPELLANT, *v*. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 478.—Decided November. 23, 1920.

RECORD OF TITLE—DOMINION TITLE—FORMER OWNERS.—In an order establishing the dominion title to a property composed of several parcels, one of which the petitioner claimed to have acquired by inheritance from his father, it is not sufficient to state that the former owners of the several parcels were summoned in the proceeding. If the order does not state that the successors of the person from whom the petitioner acquired the said parcel by inheritance were summoned also, the registrar acts correctly in refusing to record the dominion title.

ID.—ID.—POWERS OF REGISTRARS.—Although the registrars are not authorized to look into the grounds on which judicial orders are based, nor to take as a basis their opinions regarding the legality of such grounds in refusing to record said orders in the registry, yet this does not mean that registrars have. no power to refuse to record when the said orders do not show that all the requirements of law have been complied with.

The facts are stated in the opinion.

*Mr. E. Campillo* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a judgment of December 9, 1915, the District Court of San Juan, Section 2, held that Francisco Cancel had established his dominion title to a property of 36.86 acres of land therein described; that according to the evidence examined the property is composed of seven parcels, one of them being a parcel of ten acres which the petitioner acquired by in-

heritance from his father, Gordiano Cancel, and the others being parcels acquired by purchase from different persons. It is also stated in the judgment that the former owners were summoned; that notices were published for the lawful period, and that no objections were presented.

The same court entered an order on July 9, 1920, explaining the said judgment to the effect that the property of 36.86 acres was divided into two parts, which were described, one having an area of 26.86 acres and the other an area of ten acres, the latter being separate property of Francisco Cancel acquired by inheritance from his father, Gordiano Cancel, and the former having been acquired by purchase during his wedlock.

With these documents before him the Registrar of Property of San Juan, Section 1, recorded the property of 26.86 acres, but refused to record the property of ten acres on the ground that it did not appear that all of the heirs of Gordiano Cancel had been summoned in the proceeding, whereupon Francisco Cancel took the present appeal.

Although the registrars are not authorized to review the grounds on which orders of the courts are based, nor to set up their opinions regarding the legality of these grounds in support of their refusals to record said orders in the registry, as the appellant alleges and as we held in the case of *Taboada* v. *Registrar of Guayama,* 26 P. R. R. 600, wherein we referred in this connection to the case of *Medina* v. *The Registrar,* 19 P. R. R. 964, and cases therein cited; yet, as we also held in the same case, this does not mean that registrars have no authority to refuse to record the said orders when they do not show that all the requirements of law have been complied with; and inasmuch as, according to article 395 of the Mortgage Law, in a petition for a dominion title judgment it should be prayed that the person from whom the property was acquired, or his successors, be summoned, Gordiano Cancel, from whom the parcel of ten acres was

acquired, having died, it was necessary to ask that his successors be summoned and therefore the dominion title judgment should show that they were summoned, it not being sufficient to state that the former owners were summoned, for after Gordiano Cancel died, his heirs or successors had to be summoned and this fact must appear from the judgment; therefore, as this fact was not shown, the registrar acted correctly in refusing to record the parcel of ten acres.

The decision appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.